UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(2) GERARDO MADRIGAL QUINTERO,<br><br>Defendant | No.   22-cr-10261-DJC |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through Assistant United States Attorney Alathea E. Porter, hereby respectfully submits this sentencing memorandum in connection with the sentencing of defendant Gerardo Madrigal Quintero (hereinafter, the "Defendant"). On July 11, 2023, the Defendant pled guilty to a two-count Indictment, charging Conspiracy to Distribute and to Possess with Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846 (Count One) and Distribution and Possession with Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A).

As detailed in the Pre-Sentence Report ("PSR"), the Defendant is responsible for over 15 kilograms of cocaine. PSR ¶¶ 13, and 21-23. Given the facts of this case, the Defendant's background and role in the drug trafficking organization ("DTO"), the government recommends that the Court sentence the Defendant to a term of 37 months in prison, followed by two years of supervised release, and a mandatory special assessment of $200.

**Factual Background**

The PSR contains a detailed description of the factual background, and as such, those details will not be restated herein. PSR ¶¶ 8-15. In summary, in August 2022, a cooperating witness ("CW-1") negotiated with an individual known only as "David" to arrange to have a

shipment of drugs sent from Mexico to the United States for further distribution. PSR ¶ 8. "David" told CW-1 that he wanted to set up a distribution network in the Boston area, and he discussed the possibility of eventually shipping 80-100 kilograms of narcotics at a time. *Id.* At the end of August 2023, "David" sent co-defendant Joel Enrique Armenta Castro (hereinafter, "Castro") to Massachusetts to help facilitate the delivery of multiple kilograms of narcotics. PSR ¶ 9. On August 29, 2022, Castro met with a second cooperating witness ("CW-2") and CW-2 then drove with Castro from Boston to Ludlow, Massachusetts to meet with the individual who had the kilograms of drugs. PSR ¶ 9-11. Once they arrived, CW-2 provided Castro with cash, and Castro proceeded to meet with the driver of a commercial semi-truck, later identified as Gerardo Madrigal Quintero (the Defendant). PSR ¶¶ 11-12, 14. Castro obtained a bag from the rear of the Defendant's truck, then went back to CW-2's vehicle and placed it inside. PSR ¶ 12. Castro told CW-2 that he could not return home until all of the drugs had been sold and he could collect the remaining amount of money that CW-2 owed for the drugs supplied that day. *Id.* After the deal was over, Castro went into a service station, and investigators placed him under arrest. PSR ¶ 13. Inside of the bag delivered by Castro investigators found 15-brick-shaped objects. *Id.* The DEA Northeast Laboratory confirmed that the substance contained in those 15-brick-shaped objects contained cocaine, with a total net weight of 15.0006 Kilograms. *Id.* Investigators stopped the Defendant as he started to drive away and placed him under arrest. PSR ¶ 14.

## Advisory Sentencing Guidelines

The PSR concludes that the base offense level is 30 because the Defendant is accountable for at least 15 kilograms, but less than 50 kilograms of cocaine, and because he received a minor role adjustment. PSR ¶¶ 21-24. The PSR further concludes that a two level reduction is warranted, pursuant to USSG § 2D1.1(b)(18), that a two level reduction is warranted because the Defendant

was a minor participant,[1] and that a three level reduction is warranted based on the Defendant's acceptance of responsibility. PSR ¶¶ 25, 27, 31-32. Based on the foregoing, the PSR concludes that the Defendant's total offense level is 23. PSR ¶ 33.

The PSR properly concludes that the Defendant has a criminal history score of zero, which establishes a criminal history category of I. PSR ¶¶ 37-38 The resulting advisory guideline sentencing range is 46-57 months. PSR ¶ 69. The government agrees with this calculation, however, as set forth below, the government believes that a downward variance is warranted.

### Downward Variance Recommendation - "Zero Point Offender" Reduction

As the Court is aware, the United States Sentencing Commission (hereinafter, the "Commission") recently adopted amendments to the USSG, however, those amendments do not go into effect until November 1, 2023. The amendments include one change that is relevant to the Defendant: the "zero point offender" provision (USSG § 4C1.1), which provides for a two-level decrease for offenders who have zero criminal history points.[2] Under the amended USSG, the government believes that the Defendant would receive the two-level reduction. Because the amendment to USSG § 4C1.1 has already been adopted by the Commission, and the Commission has determined that it will be retroactive,[3] but is not yet in effect, the government respectfully

---

[1] Defendant's Sentencing Memorandum (Dkt. No. 69) argues that he should receive a minimal role reduction because he was just a courier who transported the drugs. While the government agrees that a two-level minor role reduction is warranted, the government does not believe that a four-level minimal role reduction is warranted as argued by the Defendant. The Defendant did not transport the drugs a short distance. Rather, he was paid a substantial amount and trusted to transport 15 kilograms of cocaine across the entire United States.

[2] United States Sentencing Commission, Amendments to Sentencing Guidelines, 45 (2023).

[3] On August 31, 2023, the Commission announced that the "zero point offender" amendment would be retroactive. *See* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf (last visited September 22, 2023).

recommends a downward variance, reflecting a two-level offense level reduction, pursuant to 18 U.S.C. § 3553(a).  If the Court were to adopt this downward variance, the Defendant's adjusted total offense level would be 21, resulting in a GSR of 37-46 months.

### Consideration of the Section 3553(a) Factors

Taking into account the factors set forth in 18 U.S.C. § 3553(a), the government respectfully suggests that a sentence of 37 months (the low end of the adjusted advisory guideline sentencing range) is sufficient, but not greater than necessary, to comply with the purposes set forth in the statute.

**1. Nature of the Offense**

The Defendant was involved in the trafficking of large quantities of cocaine.  As this Court is well-aware, cocaine is "an intense, euphoria-producing drug with strong addictive potential."[4]  Cocaine can have extremely damaging effects on users, including severe consequences such as sudden cardiac arrest, convulsions, strokes, and death.[5]  The trafficking of cocaine continues to "pose a threat to the safety and security of citizens and law enforcement, from the production zones in South America to transportation and distribution networks in the United States."[6]

Deaths resulting from drug poisoning involving cocaine have steadily been on the rise.  "In

---

[4] U.S. Department of Justice Drug Enforcement Administration, *Drugs of Abuse, A DEA Resource Guide, 2022 Edition*, https://www.dea.gov/sites/default/files/2022-12/2022_DOA_eBook_File_Final.pdf (last viewed August 23, 2023), at 67.

[5] *Id.*

[6] U.S. Department of Justice Drug Enforcement Administration, *2020 National Drug Threat Assessment*, available at https://www.dea.gov/documents/2021/03/02/2020-national-drug-threat-assessment#:~:text=The%202020%20National%20Drug%20Threat%20Assessment%20%28NDTA%29%20is,laundering%20of%20proceeds%20generated%20through%20illicit%20drug%20sales, at 33 (last visited August 23, 2023) (hereinafter, "DEA 2020 Assessment").

2018, there were 14,666 deaths from drug poisoning involving cocaine in the United States and the District of Colombia."[7]  The number of deaths between 2012 and 2018 increased every year, and 2018 was the third year in a row that such deaths exceeded 10,000.[8]  In 2018, Massachusetts had the ninth highest number of deaths in the country, and was also one of four states among the highest age-adjusted death rates from drug poisoning involving cocaine per 100,000 population.[9]

The nature of the offense is very serious, and the Defendant played an important role in transporting the drug supply across the country to the planned drug distribution network in Massachusetts.  As described in the PSR, the Defendant's co-conspirator, "David," sent the 15 kilograms of cocaine as a sample, with the goal of establishing a large distribution network in the New England area.  PSR ¶ 8.  The ultimate plan of this drug trafficking organization was to eventually ship 80 to 100 kilograms of narcotics to Boston at a time.  *Id.*  The Defendant is responsible for transporting 15 kilograms of cocaine across the entire United States by way of tractor trailer.

    **2. Characteristics of the Defendant**

The Defendant is a 24-year-old man, with no criminal history.  He has been fully employed, and appears to have a supportive family.  The Defendant does not suffer from any physical, mental, or substance abuse issues, and appears to have engaged in this criminal conduct to make extra money.

---

[7] *Id.*, at 35.

[8] *Id.*

[9] *Id.*

3. **Need for the Sentence Imposed**

As the discussion above makes clear, there is a compelling need to deter individuals who may be inclined to participate in drug trafficking. A significant sentence is warranted to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct. Imprisonment is necessary to send a strong warning to the Defendant and to others who might consider involvement in drug trafficking, that they must resist the temptation. All of these factors support the recommended sentence of 37 months imprisonment. Such a sentence is sufficient, but not greater than necessary.

## CONCLUSION

For the reasons set forth herein, and as will be addressed at the sentencing hearing, the government recommends that the Court sentence the Defendant to 37 months of prison, two years of supervised release, and a mandatory special assessment of $200.

Dated: September 28, 2023

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: */s/ Alathea Porter*
Alathea E. Porter
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, this document was filed via electronic mail and sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Alathea E. Porter*
Alathea E. Porter
Assistant U.S. Attorney